In re SOMMER et al.
Patent Appeal No. 2876.

Court of Customs and Patent Appeals.
March 28, 1932.

Charles W. Hills, of Washington, D. C. (Myron G. Clear, of Washington, D. C., orally), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., orally), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying the application of appellants for a patent for an alleged invention relating to improvements in glass drilling machines.

Appellants' structure is of the portable type, and is adapted for drilling holes through windshields, so that spotlights may be mounted thereon.

There is but one claim in the application. It reads: "In an apparatus for boring holes in windshields, the combination of a frame, a stationary boring cup supported thereby and having its edge adapted to make liquid-tight contact with one surface of a windshield glass, a member adjustable in the frame toward and from said cup to clamp the latter against the glass, a shaft journaled in said cup, a cylindrical cutter in the cup having slots in its wall at one end, and a cap on the inner end of the shaft having portions entering and abutting the other end of said cylindrical cutter, as and for the purposes set forth."

The references relied on are:

| | | |
|---|---|---|
| Interference | #50,199. | |
| Foppiano, | 1,048,059, | Dec. 24, 1912. |
| Johnston, | 1,219,461, | Mar. 20, 1917. |

Interference No. 50,199 involved counts relating to a device of the same general character as the one here in question. Appellants were parties to that interference, and conceded priority of invention to the opposing party, Edward H. Hanson.

It is contended by counsel for appellants that the appealed claim is patentably distinguishable from the counts of that interference in that, as stated in the brief, it "recites the manner in which the cutter is connected to the actuating shaft and more particularly in that it calls for a cap at the inner end of the shaft which cap has portions entering and abutting one end of the cutting cylinder."

At the time of oral argument in this court, counsel for appellants stated that the appealed claim contained another element, "a cylindrical cutter in the cup having slots in its wall at one end," which also distinguished it from the counts of the interference.

In affirming the decision of the Primary Examiner, the Board of Appeals said:

"It appears from the examiner's statement that in Interference No. 50,199 the appellants herein filed a concession of priority of invention of a claim from which the claim on appeal differs merely by the inclusion of the slots in the cutting end of the cylindrical cutter and by the recitation of a support for the cutter which enters and abuts its other end. These features are old and common features in the art as shown respectively in the patents to Johnston and Foppiano. Appellants urge that these patents do not relate to a portable construction but we see no merit in this contention. We deem the claim clearly unpatentable over the matter as to which appellants conceded priority.

"The examiner further states that the claim on appeal is directly readable on the disclosure of each applicant who is now a party in said interference and holds that appellants' rights to the subject matter of the appealed claim is res adjudicata under the decision of Blackford v. Wilder, 127 O. G. 1255. Appellants do not deny this statement of facts. This ground of rejection is also deemed well founded."

Counsel for appellants contend that the patents to Foppiano and Johnston are from a nonanalogous art, and are therefore not proper references.

The patents referred to relate to stationary glass-cutting machines, whereas appellants' alleged invention is portable. However, the elements defined in the appealed claim, which it is contended, patentably distinguish it from the counts of Interference No. 50,199, are clearly shown in the references. Obviously, the use of those elements in appellants' structure would readily occur to one of ordinary mechanical skill.

The conclusion reached by the Patent Office tribunals is so manifestly correct that we deem it unnecessary to extend this discussion.

The decision of the Board of Appeals is affirmed.

Affirmed.